## JOSHUA R. CLEMENTS v. CHARLES WILLIAMSON, late Sheriff.

In a sale of land by the sheriff on execution process, an advertisement of the sale must be delivered ten days at least before the day of sale to each plaintiff in the execution, and also to each plaintiff in any other execution or executions at the time in the hands of the sheriff.

RULE to show cause wherefore the sale of his lands by the late sheriff should not be set aside, on the ground that they

2

were advertised and sold on a writ of *alias levari facias,* return-able at the present term of the court, but that no copy of the advertisement of the sale was served upon James R. Clements, John A. Cavender, The Kent County Mutual Insurance Company, Hewett L. Knight, and Jacob Twiley, the plaintiffs in other executions against him, the said Joshua R. Clements, then in the hands of the said late sheriff at the time of making the said sale, and that the price for which they sold was below their actual value.

On the hearing of the rule the fact appeared, as alleged in the affidavit, that there were such other executions at the suit of the parties named against the plaintiff in the rule in the hands of the late sheriff at the time of the sale, and that copies of the advertisement of the sale were not served upon the plaintiffs in them.

*By the Court:* It is expressly provided in the second para-graph of the twenty-third section of chapter one hundred and eleven of the Revised Statutes, that an advertisement of the sale should have been delivered to each plaintiff in the execution, and also to each plaintiff in any other execution or executions at the time in the hands of the sheriff in such a case. *Rev. Code Amend.* 679. But as this was not done, the sale must be set aside. Rule made absolute.

*Reed,* attorney for the plaintiff.

*Comegys,* attorney for the defendant.